UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| KAREN L. L'GGRKE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 12-CV-596-JED-TLW |
| | ) |
| ASSET PLUS CORPORATION, et al., | ) |
| | ) |
| | ) |
| Defendants. | ) |

## OPINION AND ORDER

The Court has for its consideration defendant Michael S. McGrath's Motion to Dismiss and Brief in Support (Doc. 13). McGrath moves the Court to dismiss plaintiff's claims against him pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6).

### BACKGROUND

This is an employment discrimination action initially brought in Tulsa County District Court by plaintiff Karen L. L'Ggrke ("L'Ggrke" or "plaintiff") against three defendants that she alleges to have been her joint employers, Asset Plus Corporation ("Asset Plus"), Staff One, Inc. ("Staff One"), and McGrath, an officer of Asset Plus. In short, L'Ggrke alleges that the defendants discriminated against her on the basis of her sex, her age, an unnamed disability, and the inter-racial character of her domestic relationship, which she characterizes as a common law marriage. L'Ggrke was employed as a leasing consultant at the Fountain Crest Apartments in Tulsa from November of 2009 to April 4, 2011. She claims that, during that time, she was harassed, threatened, and ultimately terminated based upon discriminatory motivations.

On July 7, 2011, L'Ggrke filed a Charge of Discrimination with the Oklahoma Human Rights Commission and EEOC (the "EEOC charge"). (See Doc. 13-2). On April 9, 2012,

L'Ggrke filed her Amended Petition in Tulsa County District Court which was removed by the defendants to this Court on October 23, 2012. L'Ggrke's Amended Petition alleges claims under (1) Title VII of the Civil Rights Act of 1964 ("Title VII"); (2) the Age Discrimination in Employment Act ("ADEA"); (3) the Americans with Disabilities Act ("ADA"); and (4) 42 U.S.C. § 1981 ("§ 1981"). Defendant McGrath now seeks dismissal of all claims against him for lack of subject matter jurisdiction and failure to state a claim upon which relief can be granted.

## STANDARDS

McGrath seeks dismissal of the claims against him under Rules 12(b)(1) and 12(b)(6). Generally speaking, in considering a motion to dismiss, the Court must rely only on the allegations contained in the complaint. *See Holt v. United States*, 46 F.3d 1000, 1002 (10th Cir. 1995). This is not so where, as here (*see* Doc. 13, at 3 n.1), a party makes a factual attack on subject matter jurisdiction under Rule 12(b)(1). "When a party challenges the allegations supporting subject-matter jurisdiction, the 'court has wide discretion to allow affidavits, other documents, and a limited evidentiary hearing to resolve disputed jurisdictional facts.'" *Davis* ex rel. *Davis v. United States*, 343 F.3d 1282, 1296 (10th Cir. 2003) (quoting *Holt*, 46 F.3d at 1003). "In such instances, a court's reference to evidence outside the pleadings does not convert the motion [to dismiss] to a Rule 56 motion [for summary judgment]." *Id*.

In considering a motion under Rule 12(b)(6), a court must determine whether the plaintiff has stated a claim upon which relief may be granted. A motion to dismiss is properly granted when a complaint provides no "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A complaint must contain enough "facts to state a claim to relief that is plausible on its face" and the factual allegations "must be enough to raise a right to relief above the speculative level." *Id*.

(citations omitted). "Once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." *Id*. at 562. Although decided within an antitrust context, *Twombly* articulated the pleading standard for all civil actions. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009). For the purpose of making the dismissal determination, a court must accept all the well-pleaded allegations of the complaint as true, even if doubtful, and must construe the allegations in the light most favorable to claimant. *Twombly*, 550 U.S. at 555; *Alvarado v. KOB–TV, L.L.C.*, 493 F.3d 1210, 1215 (10th Cir. 2007); *Moffett v. Halliburton Energy Servs., Inc.*, 291 F.3d 1227, 1231 (10th Cir. 2002). However, a court need not accept as true those allegations that are conclusory in nature. *Erikson v. Pawnee Cnty. Bd. Of Cnty. Com'rs*, 263 F.3d 1151, 1154-55 (10th Cir. 2001). "[C]onclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Cory v. Allstate Ins.*, 583 F.3d 1240, 1244 (10th Cir. 2009) (quoting *Hall v. Bellmon*, 935 F.3d 1106, 1109-10 (10th Cir. 1991)).

## ANALYSIS

### I.  L'Ggrke's Title VII, ADEA, and ADA Claims against McGrath

#### A. Exhaustion of Administrative Remedies

McGrath first seeks dismissal on the basis that this Court lacks subject matter jurisdiction over plaintiff's claims against him under Title VII, the ADEA, and the ADA. This results, he contends, from L'Ggrke's failure to specifically name him in her EEOC charge. L'Ggrke responds that she needn't have named him in the EEOC charge because "naming an entity [it appears she is referring to Asset Plus] which has forfeited its right to do business is tantamount to naming its individual directors and officers." (Doc. 23). In support of this argument, L'Ggrke cites OKLA. STAT. tit. 68, § 1212(C), a statute which permits corporate officers to be held

3

personally liable for debts "which may be created or incurred with his or her knowledge, approval and consent, within this state" if the company has forfeited its right to do business in Oklahoma. To be clear, the Court perceives L'Ggrke's argument to be that, at the time she filed her EEOC charge, Asset Plus and McGrath had already incurred a debt to her, i.e., her contingent tort claims.

Aside from the preemption issues likely presented by plaintiff's attempted application of § 1212 in the manner suggested (which the parties do not discuss), this statute is plainly inapplicable to her claims against McGrath, as her tort claims do not constitute a "debt" that was "incurred" under the statute.

As an initial matter, statutes such as § 1212, which impose liability on corporate directors and officers, are penal in nature and are generally to be strictly construed in favor of those sought to be charged. *Midvale Min. & Mfg. Co. v. Dutron Corp.,* 569 P.2d 442, 443 (Okla. 1977). Section 1212(C) "conditions personal liability of a corporate officer and shareholder on such corporate officer or shareholder's **actual knowledge** of the debt or approval/condonation thereof." *Puckett v. Cornelson*, 897 P.2d 1154, 1156 (Okla. Ct. App. 1995) (citing *Brown Oil Co. v. Shipley*, 706 P.2d 173, 176 (Okla. Ct. App. 1984)) (emphasis added). In addition, "the word 'incur' as used in § 1212(c) means 'to become liable for,' and 'the word 'liable' means the state of one being bound in law to do, pay, or make good something which can be enforced by legal action.'" *K.J. McNitt Const., Inc. v. Economopoulos*, 23 P.3d 983, 984-85 (Okla. Ct. App. 2001) (quoting *Phillips & Stong Engineering Co. v. Howard B. James Associates, Inc.*, 529 P.2d 1013, 1016 (Okla. Ct. App. 1974). McGrath cannot possibly have had actual knowledge of any debt owed to L'Ggrke because Asset Plus was not, at the time she filed her EEOC charge, "bound in law" to pay a judgment to L'Ggrke for her tort claims against him. In addition, no

4

debt was "incurred" for which McGrath could be personally liable. L'Ggrke's tort claims against Asset Plus were (and still are) no more than contingent liabilities (at the very best); certainly not a debt or debts that Asset Plus was already liable to pay at the time she filed her EEOC charge. L'Ggrke's Amended Petition and response brief put forth no allegations or evidence that would show any other debt purportedly owed by Asset Plus to L'Ggrke. Thus, § 1212(C) does not provide a basis to alleviate any federal exhaustion requirements which L'Ggrke was subject to at the time her lawsuit was filed.

Prior to the filing of claims under Title VII, the ADEA, and the ADA, a plaintiff must exhaust federal administrative remedies. Without satisfaction of this prerequisite, the Court lacks subject matter jurisdiction over such unexhausted claims. *See Jones v. Runyon*, 91 F.3d 1398, 1399 (10th Cir. 1996) ("Exhaustion of administrative remedies is a "jurisdictional prerequisite" to suit under Title VII.") (quoting *Sampson v. Civiletti*, 632 F.2d 860, 862 (10th Cir. 1980)); Jones v. U.P.S., Inc., 502 F.3d 1176, 1183 (10th Cir. 2007) ("Title I of the ADA requires a plaintiff to exhaust her administrative remedies before filing suit.") (citing *MacKenzie v. City & County of Denver*, 414 F.3d 1266, 1274 (10th Cir. 2005)); *Shikles v. Sprint/United Mgmt. Co.*, 426 F.3d 1304, 1317 (10th Cir. 2005) ("we hold that a plaintiff's exhaustion of his or her administrative remedies is a jurisdictional prerequisite to suit under the ADEA").

At a minimum, a plaintiff is required to file an EEOC charge of discrimination under Title VII, the ADEA, and the ADA, which share substantially similar exhaustion requirements. *Shikles*, 426 F.3d at 1309 ("Because we must construe the charge filing requirements of the ADEA and Title VII consistently, to the extent that those requirements are similar, we must also construe the charge filing requirements of the ADEA and the ADA consistently."). An EEOC charge must name each defendant against which a plaintiff intends to pursue claims. *See*

*Knowlton v. Teltrust Phones, Inc*., 189 F.3d 1177, 1185 (10th Cir. 1999).  The Tenth Circuit has recognized two narrow exceptions to this rule in situations when "the defendant was informally referred to in the body of the charge or where there is sufficient identity of interest between the respondent and the defendant to satisfy the intention of Title VII that the defendant have notice of the charge and the EEOC have an opportunity to attempt conciliation."  *Romero v. Union Pac. R.R.*, 615 F.2d 1303, 1311 (10th Cir. 1980).  In *Romero*, the Tenth Circuit stated four factors that should be considered when a plaintiff attempts to bring a lawsuit against a defendant not named in the plaintiff's EEOC charge:

> 1) whether the role of the unnamed party could through reasonable effort by the complainant be ascertained at the time of the filing of the EEOC complaint; 2) whether, under the circumstances, the interests of a named party are so similar as the unnamed party's that for the purpose of obtaining voluntary conciliation and compliance it would be unnecessary to include the unnamed party in the EEOC proceedings; 3) whether its absence from the EEOC proceedings resulted in actual prejudice to the interests of the unnamed party; 4) whether the unnamed party has in some way represented to the complainant that its relationship with the complainant is to be through the named party.

*Id*. at 1312 (quoting *Glus v. G.C. Murphy Co*., 562 F.2d 880, 888 (3d Cir. 1977)).

Plaintiff concedes that she did not specifically list McGrath's name in her EEOC charge.  However, it appears that she has arguably alleged in substance that "there is sufficient identity of interest," *see id*., between McGrath and the other two defendants to satisfy the requisite notice by arguing that the defendants are joint employers, albeit in an unrelated section of her response brief.  Having considered the four *Romero* factors, the Court finds that there is not sufficient identity of interest between McGrath and his employer, Asset Plus, or between he and Staff One, to alleviate L'Ggrke's need to specifically name him in her EEOC charge.[1]  Critical to the Court's determination is the fact that, as an officer of Asset Plus, McGrath is unlikely to

---

[1] L'Ggrke's Amended Petition does not allege that McGrath has *any* employment or other relationship to defendant Staff One.

anticipate being haled into court as an individual to answer a plaintiff's alleged employment claims without notice from the EEOC. As discussed *infra*, individual liability is generally unavailable under Title VII, the ADEA, and the ADA. An individual such as McGrath would thus have no reason to suspect from the face of L'Ggrke's EEOC charge that he would be a party to an eventual lawsuit bringing such claims. This is likely to result in prejudicial surprise. In addition, L'Ggrke has not alleged that she was unaware of the identity of the individuals who allegedly harassed her and were involved in her termination. Thus, there would be no justification based upon lack of knowledge of identity to omit McGrath's name from the EEOC charge. Accordingly, L'Ggrke's failure to name McGrath in her EEOC charge is fatal to her Title VII, ADEA, and ADA claims, as the Court lacks subject matter jurisdiction over those claims.

### B.  Individual Liability and Joint Employer Status

McGrath also argues that, even had L'Ggrke named McGrath in her EEOC charge, which she did not, her claims under Title VII, the ADEA, and the ADA would be barred because individual supervisory liability is not permitted under those statutes. L'Ggrke's response brief does not directly confront this argument, however she makes a variety of statements regarding McGrath's alleged status as a joint employer with the remaining defendants, Asset Plus and Staff One.

McGrath is correct that Title VII, the ADEA, and the ADA prohibit liability against individual supervisory employees, as they are not considered "employers" under the respective statutes. *See, e.g., Haynes v. Williams*, 88 F.3d 898, 899 (10th Cir. 1996) ("Under Title VII…individual capacity suits are inappropriate. The relief granted under Title VII is against the employer, not individual employees whose action would constitute a violation of the Act.")

(quoting *Sauers v. Salt Lake County*, 1 F.3d 1122, 1125 (10th Cir. 1993); *Butler v. City of Prairie Village, Kansas*, 172 F.3d 736, 744 (10th Cir. 1999) (holding that "the ADA precludes personal capacity suits against individuals who do not otherwise qualify as employers" and recognizing that this position is consistent with the majority of federal circuit and district courts with regard to the ADEA); *Stults v. Conoco, Inc.*, 76 F.3d 651, 655 (5th Cir. 1996) (holding "the ADEA provides no basis for individual liability for supervisory employees.").

Consistent with the absence of mere reference to McGrath in her EEOC charge, L'Ggrke's Amended Petition puts forth *no facts* which could support the conclusion that McGrath was himself an "employer" (i.e., that McGrath personally employs at least 15 people – the statutory requirements under Title VII and the ADA – or 20 people in an industry that affects commerce – required for the ADEA. *See* 42 U.S.C. § 12111(5) (ADA); 42 U.S.C. § 2000e(b) (Title VII); 29 U.S.C. § 630(b) (ADEA)). Her claims under Title VII, the ADEA, and the ADA would therefore be subject to dismissal on this alternative basis.

To the extent that L'Ggrke's statements in her response brief regarding McGrath's alleged status as a "joint employer" are intended to apply to her Title VII, ADEA, and ADA claims, this argument also fails.[2] A plaintiff is required to plead facts which demonstrate the existence of a joint employment relationship based upon the totality of the working relationship between the parties alleged to be joint employers. *See, e.g., Konah v. Dist. of Columbia*, 815 F. Supp. 2d 61, 71 (D.D.C. 2011) (dismissing Title VII claim for failure to plead facts sufficient to support joint employer status). L'Ggrke's allegations don't even come close. Instead, she states only that McGrath, whom she refers to as "the president, CEO or other principal officer" of Asset Plus, "was at all times material hereto plaintiff's joint employer with the other defendants

---

[2]  Her argument regarding joint liability is made in a section entitled "Plaintiff has Sufficiently Stated a Claim against McGrath under 42 U.S.C. § 1981." (Doc. 23, at 3).

within the meaning of Title VII, Section 1981, the ADEA and the ADA." This statement is nothing more than a legal conclusion that is entirely unsupported by any factual allegations. In any event, L'Ggrke's theory that McGrath, as an individual officer of Asset Plus, may be liable as a joint employer with Asset Plus finds no support in the law. Plaintiff has not cited a single case under Title VII, the ADEA, or the ADA where a court has found an individual officer of a corporate entity to be a joint employer with his own employer. The Court has likewise found no such case. A finding that McGrath was a joint employer under the circumstances would be tantamount to piercing the corporate veil – a generally disfavored legal remedy and one which L'Ggrke has pled no facts to support. *See, e.g., Yoder v. Honeywell Inc.*, 104 F.3d 1215, 1220 (10th Cir. 1997) ("[C]orporate veils exist for a reason and should be pierced only reluctantly and cautiously.") (quoting *Boughton v. Cotter Corp.*, 65 F.3d 823, 836 (10th Cir. 1995)). Accordingly, L'Ggrke's allegation that McGrath should be considered a joint employer under Title VII, the ADEA, and the ADA does not save these claims from dismissal.

Given the numerous problems associated with L'Ggrke's Title VII, ADEA, and ADA claims against McGrath in his individual capacity, it appears that amendment would be futile with respect to these claims as to McGrath. Accordingly, these claims are dismissed with prejudice as to McGrath.

### II. L'Ggrke's Section 1981 Claim against McGrath

McGrath also seeks dismissal of L'Ggrke's § 1981 claim on the basis that she has failed to satisfy federal pleading standards. Specifically, McGrath argues that plaintiff has not pled any facts which would show that McGrath was personally involved in any alleged discriminatory activity. L'Ggrke's entire response to this assertion is the following:

> McGrath's argument, however, overlooks the Plaintiff's express allegation that
> (1) McGrath "was at all times material hereto Plaintiff's joint employer with the

9

> other Defendants within the meaning of . . . Section 1981" [Dkt. #13-1, p. 2, ¶ 5]; and (2) "Defendants [i.e., all Defendants, including McGrath] terminated Plaintiff's employment on April 4, 2011." [Dkt. #13-1, pp. 3-4, ¶ 10][.]

(Doc. 23, at 5). The Court has already determined that McGrath cannot be considered a "joint employer" based upon the allegations contained in L'Ggrke's Amended Petition and applicable law. Thus, the Court is left to determine whether her allegation that the "defendants" terminated her employment is sufficient to allege a claim against McGrath under § 1981.

To impose personal liability under 42 U.S.C. § 1981, a plaintiff must show an individual defendant was personally involved in the alleged discrimination and establish an affirmative link to the acts of intentional discrimination to causally connect the defendant with the claimed discriminatory practice. *Allen v. Denver Public School Bd.,* 928 F.2d 978, 983 (10th Cir. 1991), *disapproved on other grounds, Kendrick v. Penske Transp. Servs., Inc.,* 220 F.3d 1220, 1228 (10th Cir. 2000). "[P]ersonal involvement can be shown through allegations of personal direction or of actual knowledge and acquiescence." *Chellen v. John Pickle Co., Inc.*, 446 F. Supp. 2d 1247, 1286 (N.D. Okla. 2006) (quoting *Figures v. Board of Public Utilities of Kansas City, Kan.,* 731 F.Supp. 1479, 1483 (D. Kan. 1990)).

L'Ggrke's allegations, viewed in the light most favorable to her, are insufficient to plead that McGrath was personally involved in any discriminatory activity or to establish an affirmative link between the alleged discrimination and McGrath. Her conclusory allegation that the defendants terminated her employment is insufficient to make this connection under the *Twombly*/*Iqbal* standards. Her § 1981 claim is thus subject to dismissal. Given the current stage of this litigation, the Court will permit plaintiff to file an amended complaint re-alleging this claim if she is in possession of facts which establish an affirmative link between McGrath and the alleged discriminatory activity, i.e., personal involvement or knowledge and acquiescence.

**IT IS THEREFORE ORDERED** that defendant Michael S. McGrath's Motion to Dismiss and Brief in Support (Doc. 13) is **granted**.  Plaintiff's claims against defendant McGrath under Title VII, the ADEA, and the ADA are **dismissed with prejudice**.  Plaintiff's § 1981 claim against defendant McGrath is **dismissed without prejudice** unless plaintiff files an amended complaint within 14 days re-alleging her § 1981 claim against McGrath in a manner which cures the pleading deficiency noted above by supplying sufficient factual information to support the claim.

**IT IS FURTHER ORDERED** that the parties are to submit a joint status report within 21 days which provides information with respect to the parties' respective needs for continued discovery, if any, and other scheduling needs.

**SO ORDERED** this 31st day of July, 2013.

JOHN E. DOWDELL
UNITED STATES DISTRICT JUDGE