# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| KAREN L. L'GGRKE, | ) |
| | ) |
|       Plaintiff, | ) |
| | ) |
| vs. | ) |
| | )    Case No. 12-CV-596-JED-TLW |
| ASSET PLUS CORPORATION, a | ) |
| Texas corporation, and STAFF ONE, | ) |
| INC., an Oklahoma corporation, | ) |
| | ) |
|       Defendants. | ) |

## OPINION AND ORDER

Before the Court is the defendants' Motion to Dismiss for Lack of Prosecution (the "Motion to Dismiss") (Doc. 131). Defendants Asset Plus Corporation ("Asset Plus") and Staff One, Inc. ("Staff One"), citing plaintiff Karen L. L'Ggrke's failure to prosecute her case and to comply with the Federal Rules and orders of this Court, ask that the Court dismiss this case under Federal Rule of Civil Procedure 41(b).

### BACKGROUND

The plaintiff initially brought this employment discrimination action in Tulsa County District Court. In brief, L'Ggrke alleges that the defendants discriminated against her on the basis of her sex, her age, an unnamed disability, and the interracial character of her domestic relationship, which she characterizes as a common law marriage. L'Ggrke was employed as a leasing consultant at the Fountain Crest Apartments in Tulsa from November of 2009 to April 4, 2011. She claims that, during that time, she was harassed, threatened, and ultimately terminated for impermissibly discriminatory reasons.

On July 7, 2011, L'Ggrke filed a Charge of Discrimination with the Oklahoma Human Rights Commission and the EEOC. (Doc. 13-2). She then commenced this action in Tulsa County District Court on December 22, 2011, bringing claims against Asset Plus only. (Doc. Doc. 2-6). Specifically, the Petition alleged claims under (1) Title VII of the Civil Rights Act of 1964 ("Title VII"); (2) the Age Discrimination in Employment Act ("ADEA"); (3) the Americans with Disabilities Act ("ADA"); and (4) 42 U.S.C. § 1981 ("§ 1981"). On April 9, 2012, L'Ggrke amended her Petition to add Staff One and Michael S. McGrath, Asset Plus's President, as defendants. (Doc. 2-1). The defendants removed the case to this Court on October 23, 2012.[1]

In December of 2012, a first round of counsel appeared on the plaintiff's behalf, filing a Response to the defendants' motion to dismiss the case with respect to McGrath. (Doc. 23). Just shy of a year later, the plaintiff drafted and filed two motions herself (Docs. 33 and 34), and three days later her counsel moved to withdraw "due to Plaintiff's decision to terminate [his representation] . . . , Plaintiff's desire to proceed *pro se*, and material differences . . . involving the direction of the litigation, which makes further representation impossible." (Doc. 36). The

---

[1] Although the defendants filed their Notice of Removal (Doc. 2) long after the plaintiff commenced this action, they did so within 30 days of service. (*See* 28 U.S.C. § 1446). When the plaintiff filed her Amended Petition adding McGrath and Staff One as defendants, she had yet to serve Asset Plus. On June 11, 2012, the plaintiff sought an extension of time to serve Asset Plus, and noted that she had recently added the two new defendants whose service date did not expire until October 6, 2012. (Doc. 2-7). The state court granted her motion (Doc. 2-8), and on October 4, 2012, the plaintiff sought a second extension of time, this time with respect to Asset Plus and McGrath, and noted that she had served Staff One on October 1, 2012. (Doc. 2-10; *see also* Doc. 2-2). The plaintiff served Asset Plus and McGrath on October 19, 2012. (*See* Doc. 2 at 1). It is nowhere alleged that any of the defendants were served with a copy of the summons or received a copy of any of the pleadings before October 2012. (*See* 28 U.S.C. § 1446).

plaintiff then filed a Motion to Vacate Order (Doc. 47), a Motion to Strike Documents (Doc. 46), and an Amended Complaint (Doc. 48), all in December of 2013.

New counsel for the plaintiff entered their appearance in the case on March 17, 2014, and within several days moved to withdraw the plaintiff's pro se filings. (Doc. 54). By late July this attorney-client relationship, too, had soured. On July 27, 2014, counsel moved to reinstate the plaintiff's pro se filings (Doc. 69), and the next day the plaintiff moved, pro se, to have her attorneys removed, and informed the Court of her plans to file a "Notice of Appeal out of Time to the Tenth Circuit Court of Appeals." (Doc. 72). The plaintiff then appealed. In response to a request from the Tenth Circuit that the plaintiff identify a specific order she wished to appeal, the plaintiff identified the entire docket, including entries filed by the parties. (Doc. 83). The Tenth Circuit promptly dismissed the appeal for lack of jurisdiction. (Doc. 87).

On September 22, 2014, this Court granted the plaintiff's motion for an amended scheduling order and denied her motion to reinstate her withdrawn filings. (Doc. 88). The plaintiff then gave the Court notice of her petition for rehearing en banc before the Tenth Circuit (Doc. 91) and of her intent to appeal to the Supreme Court of the United States (Doc. 92). She then twice moved the District Court to vacate its orders and stay proceedings pending the outcome of her Petition for Writ of Certiorari to the Supreme Court (Docs. 93 and 96). The Court denied the requests for a stay as outside its power, and directed the plaintiff to "focus her efforts on litigating this case to conclusion and cease her dilatory tactics." (Doc. 99).

Meanwhile, the defendants focused on litigating their case. After their diligent efforts to depose the plaintiff failed, the defendants moved to compel her appearance for deposition and for sanctions for her failure to appear. (Doc. 109). On January 2, 2015, Magistrate Judge Wilson ordered the plaintiff to appear and to show cause why she should not be sanctioned. (Doc. 112).

Additionally, Judge Wilson ordered the plaintiff to provide proposed dates on which she would be available for deposition. (*Id.*). The plaintiff did not appear at the show cause hearing and did not provide the defendants with proposed deposition dates. (*See* Doc. 117). Instead, the plaintiff filed a Notice asserting that this Court does not have jurisdiction over her claims and alluding to her certiorari petition. (Doc. 115).

Judge Wilson granted the defendants' motion for sanctions and ordered the plaintiff to appear for an in-court deposition on January 21, 2015. (Doc. 117). Once again, the plaintiff failed to appear. As a result, the defendants filed a Motion for Attorneys' Fees (Doc. 120) and a Bill of Costs (Docs. 121 and 122). On February 24, 2015, Judge Wilson, with a few exceptions, granted both motions (Doc. 127). A day later, on February 25, 2015, he issued a second order, amending the first order to correct the amount of costs awarded but without otherwise changing the substance of the decision (the "Amended Order") (Doc. 128). In light of his previous decision to award fees and costs as a sanction for the plaintiff's conduct, as well as the plaintiff's failure to object to that decision, the Magistrate Judge gave the plaintiff the opportunity to file an objection to the reasonableness of the fees and costs only. (*Id.*).

The plaintiff filed an Objection to the Amended Order on March 9, 2015. (Doc. 129). However, rather than confine her Objection to the reasonableness of the fees and costs as directed by the Amended Order, the plaintiff reiterated her claim that this Court lacks jurisdiction over her case and declined to address the reasonableness of the fees and costs awarded to the defendants. (*Id.*).

Roughly two months later, on May 11, 2015, the defendants filed the Motion to Dismiss currently before the Court. (Doc. 131). The following week, on March 20, 2015, the plaintiff requested that the Chief Court Clerk direct "Plaintiff's Opposition to Defendants' Motions for

Attorney's Fee, Dismissal, and Summary Judgment" to Chief Judge Gregory K. Frizzell "for disposition." (Doc. 132). The Court has construed this as a motion to recuse. The same day, the plaintiff filed a "'Special Appearance' Request" to the Chief Court Clerk, which appears to be a request for copies, (Doc. 133), and an "Opposition to Defendants' Motion for Fees and Cost and Defendants' 12[B][1][] [sic] Motion to Dismiss and Summary Judgment," directed to Judge Frizzell. (Doc. 134).

In a June 2, 2015 Order (the "June 2 Order"), the Court affirmed the Magistrate Judge's Amended Order awarding fees and costs to the defendants and denied the plaintiff's jurisdiction-based Objection. (Doc. 135). In the same Order, the Court took pains to help the plaintiff untangle federal-question jurisdiction—the unassailable basis of the Court's jurisdiction here—from diversity jurisdiction. (*Id.* at 3-7). The Court noted that it had once already directed the plaintiff to focus on litigating the merits of her case and to cease her dilatory tactics. (*Id.* at 2, 9 (citing Doc. 99)). Finally, the Court admonished the plaintiff that if she continued "to refuse to participate in discovery or otherwise to obstruct the progress of this case on meritless and already-decided grounds, the Court will dismiss her case." (*Id.* at 9).

On June 4, 2015, a pretrial conference was held in this case. The plaintiff did not appear, (Doc. 137), and instead filed an Objection to the defendants' Proposed Pretrial Order, (Doc. 136). The next day, in a filing directed to Chief Judge Frizzell, the plaintiff renewed her jurisdictional arguments, this time in support of a "Motion to Set Aside Judgments for Lack of Subject Matter Jurisdiction, Diversity Jurisdiction and Fraud on the Court and Judgment is Void." (Doc. 138). Because the Court has yet to enter a final judgment in this case, the Court has construed this as a Motion to Dismiss for Lack of Jurisdiction. Although this filing followed

the Court's warnings to the plaintiff in its June 2 Order, it is unclear whether the plaintiff had at that time received the June 2 Order as she corresponds with the Court exclusively by mail.

By June 8, 2015, the plaintiff had received the June 2 Order, as on that day she gave notice of her intent to appeal the Order to the Tenth Circuit. (Doc. 139).[2] On June 23, 2015, the Tenth Circuit dismissed the appeal for lack of jurisdiction. (Doc. 147).

The defendants' Motion to Dismiss, filed May 11, 2015, is the subject of the current Order. (*See* Doc. 131). In brief, the defendants argue that the Court should dismiss the plaintiff's case for disregarding court orders and failing to proceed according to court rules.[3] They argue the Court has the power to do so (1) under its inherent authority to manage its docket and expeditiously dispose of matters before it or, in the alternative, (2) under Federal Rule of Civil Procedure 41(b). The plaintiff's May 20 Response largely repeats her oft-asserted arguments contesting this Court's subject-matter jurisdiction. (Doc. 134).

## ANALYSIS

Federal Rule of Civil Procedure 41(b) provides that where "the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Fed. R. Civ. P. 41(b). A dismissal under Rule 41(b) may be with or without prejudice. *Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe Cnty. Justice Ctr.*, 492 F.3d 1158, 1162 (10th Cir. 2007). A court may enter a dismissal without prejudice without attention to particular procedures. *Id.* A dismissal with prejudice for failure to prosecute, however, is a

---

[2] The Notice of Appeal incorrectly identified the June 2 Order as having been entered on June 5, 2015.

[3] "Due to Plaintiff's refusal to recognize this Court's jurisdiction or authority to enter rulings in this case, Defendants have been unable to comply with the Court's deadlines, complete discovery or prepare this case for Pretrial Conference or for trial. Accordingly, the remaining scheduling order deadlines in this case cannot be met." (Doc. 131 at 4).

"severe sanction" and a "measure of last resort."  *Ecclesiastes 9:10-11-12, Inc. v. LMC Holding Co.*, 497 F.3d 1135, 1143 (10th Cir. 2007) (citations omitted).

The Tenth Circuit has identified five nonexhaustive factors, known as the "*Ehrenhaus* factors," to be considered when determining whether to dismiss an action with prejudice under Rule 41(b):

> (1) the degree of actual prejudice to the other party; (2) the amount of interference with the judicial process; (3) the litigant's culpability; (4) whether the court warned the party in advance that dismissal would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions.

*Ecclesiastes 9:10-11-12, Inc. v. LMC Holding Co.*, 497 F.3d 1135, 1143 (10th Cir. 2007) (citing *Ehrenhaus v. Reynolds*, 965 F.2d 916, 921 (10th Cir. 1992)).  Under the *Ehrenhaus* factors, dismissal with prejudice is warranted where the "aggravating factors outweigh the judicial system's strong predisposition to resolve cases on the merits."  *Ehrenhaus*, 965 F.2d at 921 (citations omitted).

*First*, the plaintiff's failure to appear for depositions or for her pretrial conference and her refusal to litigate the merits of her case have prejudiced the defendants.  The plaintiff, as a witness, plays an "integral role" in this litigation.  *See Ecclesiastes*, 497 F.3d at 1145.  Without the opportunity to depose her, the defendants cannot be expected to prepare a defense in response to the plaintiff's discrimination claims.  *Jones v. Thompson*, 996 F.2d 261, 264 (10th Cir. 1993) ("[I]t is evident the Defendants suffered prejudice in preparing for trial without the opportunity to depose the Plaintiffs.").

*Second*, the plaintiff has already interfered with the judicial process to an impermissible degree.  The plaintiff twice refused to appear for deposition, once in violation of a court order.  Violating another court order, she refused to appear to show cause why she should not be sanctioned, or to provide the defendants' with proposed deposition dates.  She has ignored the

7

Court's repeated direction to litigate the merits of her case. *See Ecclesiastes*, 497 F.3d at 1146. ("This behavior clearly violated the district court's mandate to proceed with 'all dispatch.'"). The plaintiff has failed to respond to sanctions, has repeatedly filed meritless motions urging already-decided issues, and failed to appear for her pretrial conference. The plaintiff's actions have greatly taxed this Court and its resources, and the plaintiff has given no sign that she intends to move her case forward.

*Third*, the plaintiff's culpability is unquestionable. The plaintiff has given the Court no reason to believe that she is not at fault for her failure to prosecute her case. Indeed, she has made clear that she does not wish to prosecute her case, as she does not believe the Court has jurisdiction over her federal claims or personal jurisdiction over her.

*Fourth*, the Court has repeatedly encouraged the plaintiff to focus on the merits of her case and cease her delay, (*see, e.g.*, Doc. 99), and the Court notes that constructive notice suffices for dismissal under *Ehrenhaus*. *Ecclesiastes*, 497 F.3d at 1149-50. In this case, however, the Court explicitly warned the plaintiff that if she continued "to refuse to participate in discovery or otherwise to obstruct the progress of this case on meritless and already-decided grounds, the Court will dismiss her case." (Doc. 135).

*Finally*, lesser sanctions are almost certain to be ineffective. Indeed, Magistrate Wilson has already imposed lesser sanctions on the plaintiff to no effect. The plaintiff's unresponsiveness to the Magistrate Judge's orders—including those imposing sanctions—and her general conduct suggest that lesser sanctions will not be effective in this case. (Docs. 128-29). Unfortunately, because the plaintiff believes this Court lacks jurisdiction over her case, she is determined to ignore any order it might impose.

The plaintiff's staunch unwillingness to engage in the judicial process has made it impossible to decide her case on the merits. She has been given a more than ample opportunity to prosecute her case, and has left the Court no recourse but to dismiss her claims.

**IT IS THEREFORE ORDERED** that the defendants' Motion to Dismiss for Lack of Prosecution (Doc. 131) is **granted** and this matter is **dismissed with prejudice** pursuant to Federal Rule of Civil Procedure 41(b). The Court will enter a separate judgment of dismissal.

SO ORDERED this 24th day of June, 2015.

JOHN E. DOWDELL
UNITED STATES DISTRICT JUDGE